FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 19, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTINA F., | NO: 2:18-CV-139-FVS |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 12, 13. This matter was submitted for consideration without oral argument. The plaintiff is represented by Attorney Christopher H. Dellert. The defendant is represented by Special Assistant United States Attorney Justin L. Martin. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 12, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 13.

## JURISDICTION

Plaintiff Christina F.[1] protectively filed for supplemental security income on January 15, 2015, and disability insurance benefits on January 13, 2015. Tr. 93-94, 476-81. Plaintiff alleged an onset date of June 14, 2014. Tr. 93, 476. Benefits were denied initially, Tr. 51-58, and upon reconsideration, Tr. 60-62, 510-12. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ Caroline Siderius on November 18, 2016. Tr. 514-47. Plaintiff had representation and testified at the hearing. *Id*. The ALJ denied benefits, Tr. 10-22, and the Appeals Council denied review. Tr. 6. The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 46 years old at the time of the hearing. *See* Tr. 146. She graduated from high school and "went to a small amount of college." Tr. 537. Plaintiff lives alone. Tr. 536. She has work history as a customer service clerk,

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

housekeeper, receptionist, assorter/pricer, childcare provider, office manager, farmhand, and cashier.  Tr. 532-34, 541-42.  Plaintiff testified that she cannot work because of high anxiety and "not being able to be around people."  Tr. 526.

Plaintiff testified that she has a hard time leaving the house because of anxiety, and sometimes has to leave the grocery store if there are too many people.  Tr. 526.  She drives but it scares her; and driving is worse at night, and in the rain and snow.  Tr. 527.  Plaintiff testified that she has a minimum of two anxiety attacks a day, but has less overall if she stays home.  Tr. 528.  She reported that she does not handle changes in routine well, has trouble focusing and concentrating, and finds it difficult to complete things.  Tr. 528-29.  Plaintiff goes to counseling twice a month, and testified that she doesn't have "many" physical problems.  Tr. 538.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id*. (quotation and

citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE–STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous

work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude

a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination,

the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 14, 2014, the alleged onset date. Tr. 15. At step two, the ALJ found that Plaintiff has the following severe impairments: posttraumatic stress disorder; depressive disorder; and personality disorder. Tr. 15. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 16. The ALJ then found that Plaintiff has the RFC

to perform a full range of work at all exertional levels but with the following nonexertional limitations: she would be able to have only superficial, brief contact with the general public and coworkers; and she would work best independently with a predictable routine and only occasional changes in work duties.

Tr. 17. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 21. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: janitor, hand packager, and electronics worker. Tr. 21-22. On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from June 14, 2014, through the date of the decision. Tr. 22.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act and supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 12. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed the medical opinion evidence;

2. Whether the ALJ improperly discredited Plaintiff's symptom claims; and

3. Whether the ALJ erred at step five.

/ / /

/ / /

/ / /

# DISCUSSION

## A. Medical Opinions

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001)(citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester,* 81 F.3d at 830–831). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

Plaintiff argues the ALJ erroneously considered the October 2014 and December 2014 opinions of examining psychologist John Arnold, Ph.D., and the opinions of state agency reviewing psychologists Steven Johansen, Ph.D. and Holly Petaja, Ph.D. ECF No. 12 at 9-13. The ALJ and the parties considered these opinions together; thus, the Court will do the same.

In October 2014, Dr. John Arnold examined Plaintiff and opined that she had moderate limitations in eight basic work activities, and marked limitations in her ability to (1) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; (2) adapt to changes in a routine work setting; and (3) complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 258. In October 2014, DSHS psychologist Dr. Steven Johansen reviewed Dr. Arnold's opinion and noted that Plaintiff's impairment "does not necessarily appear[] to manifest substantial adverse effect on employability at this time" and "no ratings are supported beyond mild based on the documentation provided." Tr. 261-62. However, regardless of this narrative by Dr. Johansen, he opined that Plaintiff was markedly limited in the same three basic work activities previously identified by Dr. Arnold. Tr. 269.

In December 2014, Dr. Arnold again examined Plaintiff and opined that she was markedly limited in the same three basic work activities noted above, with the addition of marked limitations in (1) Plaintiff's ability to understand, remember,

and persist in tasks by following detailed instructions, and (2) her ability to maintain appropriate behavior in a work setting. Tr. 265. In December 2014, DSHS psychologist Dr. Holly Petaja reviewed Dr. Arnold's two opinions, and Dr. Johansen's opinion, and assessed the same five marked limitations opined by Dr. Arnold in December 2014, including her ability to: (1) understand, remember, and persist in tasks by following detailed instructions; (2) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; (3) adapt to changes in a routine work setting; (4) maintain appropriate behavior in a work setting; and (5) complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 254.

The ALJ collectively gave "little weight" to "these opinions because these check box forms had little explanation, and did not explain how [Plaintiff] was able to work up through 2014 with her posttraumatic stress disorder and mental impairments that were diagnosed 30 years ago. Moreover, the checkbox forms do not explain how [Plaintiff's] situational stress affected her anxiety problem, and whether treatment would improve the problems." Tr. 20. An ALJ may permissibly reject check-box reports that do not contain any explanation of the bases for their conclusions. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). However, if treatment notes are consistent with the opinion, a conclusory opinion, such as a check-the-box form, may not automatically be rejected. *See Garrison v. Colvin*, 759 F.3d 995, 1014 n.17 (9th Cir. 2014); *see also Trevizo v.*

*Berryhill*, 871 F.3d 664, 667 n.4 (9th Cir. 2017) ("[T]here is no authority that a 'check-the-box' form is any less reliable than any other type of form").

Plaintiff argues the ALJ erred in evaluating these medical opinions for several reasons. ECF No. 12 at 5-11. First, the ALJ found the opinions at issue did not sufficiently "explain" Plaintiff's ability to work up to her alleged onset date despite mental impairments that were diagnosed thirty years ago. Tr. 20. Plaintiff argues that "[t]he fact that Plaintiff was able to work at substantial gainful activity levels prior to her alleged onset date despite suffering from a long history of mental illness" was not a specific and legitimate reason to reject these opinions. ECF No. 12 at 8. The Court agrees. Plaintiff's work history and activities prior to the alleged onset date are of limited probative value. *See*, *e.g.*, *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (holding that "[m]edical opinions that predate the alleged onset of disability are of limited relevance."); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (a statement of disability made outside the relevant time period may be disregarded). Moreover, the ALJ does not cite, nor does the Court discern, any legal authority to support a finding that an examining or reviewing physician is required to elaborate on Plaintiff's ability to work prior to the alleged onset date as part of their assessment of Plaintiff's functioning at the time of the evaluation. Here, Dr. Arnold assessed Plaintiff's functional limitations at the time of his

October 2014 and December 2014 evaluations, and the reviewing physicians properly reviewed those findings in the context of the alleged onset date.

Second, the ALJ found the opinions did not adequately explain "how [Plaintiff's] situational stress affected her anxiety problem." Tr. 20. As noted by Defendant, Plaintiff testified that both times she saw Dr. Arnold for consultative psychological evaluations she was dealing with situational stressors, including hitting a deer on the way to the October 2014 appointment and driving in snow on the way to the December 2014 appointment. ECF No. 13 at 6 (citing Tr. 527). Defendant argues that because the limitations assessed by the examining and reviewing psychologists "did not account for Plaintiff's situational stress, the ALJ reasonably discounted these opinions." ECF No. 13 at 6. However, the Court's review of the record indicates that in October 2014 Dr. Arnold noted that Plaintiff "presented in tears, stating she had just hit a deer and was in a panic attack." Tr. 256. In both evaluations, Dr. Arnold noted that Plaintiff's PTSD was diagnosed when she was going through a divorce, but was related to issues with her mother; and in December 2014 Dr. Arnold specifically noted that Plaintiff reported difficulty controlling her temper, "like a whole bunch of bees swarming inside her and she wants to lash out, but with no specific even triggering this exacerbation." Tr. 263. Moreover, both of Dr. Arnold's evaluations indicate that he conducted a clinical interview, conducted a mental status examination, and reviewed medical records provided; and reviewing psychologists Dr. Petaja and Dr. Johansen relied

on Dr. Arnold's entire medical report.  Tr. 253, 256, 261, 263, 268.  Neither the ALJ, nor the Defendant, offer any evidence that Dr. Arnold, Dr. Petaja, or Dr. Johansen failed to account for any situational stress in assessing Plaintiff's functional limitations.

Third, the ALJ generally found all of these opinions failed to explain "whether treatment would improve the problems."  Tr. 20.  However, both of Dr. Arnold's opinions opine that Plaintiff will be impaired for twelve months "with available treatment" and he specifically recommends "medical care and psychiatric [services]/counseling."  Tr. 258, 266.  Moreover, Dr. Johansen notes that Plaintiff's depression and anxiety appear to be "largely treatable."  Tr. 262.  Thus, any perceived failure by the psychologists to consider how treatment would "improve" Plaintiff's impairments is not a specific and legitimate reason, supported by substantial evidence, to reject these medical opinions.

For all of these reasons, the Court finds the ALJ's blanket rejection of Dr. Arnold's examining opinions, and Dr. Johansen's and Dr. Petaja's reviewing opinions, due to "little explanation" was not supported by substantial evidence. Moreover, even assuming, *arguendo*, that the ALJ properly rejected these opinions, Plaintiff correctly notes that the ALJ failed to weigh every medical opinion in the record.  20 C.F.R. § 416.927(c) (ALJ must evaluate every medical opinion received according to a list of factors set forth by the Social Security Administration).  "Where an ALJ does not explicitly reject a medical opinion or set

forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). First, the ALJ entirely failed to discuss Dr. Johansen's opinion in her decision "other than to note his uncertainty concerning Plaintiff's ability to work." ECF No. 12 at 7 (citing Tr. 20). This failure is particularly glaring because the ALJ fails to reconcile an apparent inconsistency between Dr. Johansen's reviewing opinion that Plaintiff's mild depression and anxiety are largely treatable and expected to persist for three months, and a separate "new decision" by Dr. Johansen, not considered by the ALJ, indicating that Plaintiff had marked limitations in her ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; adapt to changes in a routine work setting; and complete a normal workday and workweek without interruptions from psychologically based symptoms. Tr. 261-62, 269. When the ALJ improperly ignores significant and probative evidence in the record favorable to a claimant's position, the ALJ "thereby provide[s] an incomplete residual functional capacity determination." *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012); *see also Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)).

Moreover, the Court notes that while the ALJ indicated that Dr. Arnold examined Plaintiff twice, the ALJ only considered the diagnoses and specific

functional limitations assessed in the October 2014 opinion.  Tr. 19-20 (citing Tr. 258).  The ALJ's failure to weigh Dr. Arnold's December 2014 opinion is not harmless error because the December 2014 evaluation included different diagnoses, two additional functional limitations, and updated clinical findings that "suggest" Plaintiff's symptoms "have been exacerbated since [her] last assessment."  Tr. 264-65; *see Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations"); *Molina*, 674 F.3d at 1115 (error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination").

For all of these reasons, the ALJ did not properly consider Dr. Arnold, Dr. Petaja, and Dr. Johansen's opinions, and they must be reconsidered on remand.[2]

## B. Plaintiff's Symptom Claims

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which

---

[2] Plaintiff argues the ALJ "had an obligation to fully and fairly develop the record and to assure the claimant's interests were considered," and "could have recontacted [the] medical experts and more fully developed the record."  ECF No. 12 at 10-11.  However, the Court declines to reach this issue because, as discussed above, the medical opinion evidence must be reconsidered on remand.

could reasonably be expected to produce the pain or other symptoms alleged."

*Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. Tr. 18. However,

Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" for the following reasons: (1) the objective medical evidence and "medical reports" do not support the level of impairment claimed by Plaintiff; (2) Plaintiff's "activities" do not indicate Plaintiff is completely unable to work; and (3) Plaintiff's "history of working is inconsistent with her allegations of being too anxious to work." Tr. 18-19. Plaintiff argues the ALJ erred in her evaluation of Plaintiff's subjective complaints. ECF No. 12 at 11-17.

First, the ALJ noted that Plaintiff "alleged she could not work due to anxiety, but the record does not show significant ongoing mental problems." Tr. 18. Medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). However, an ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins*, 261 F.3d at 857; *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). Here, in apparent support for this reasoning, the ALJ notes that Plaintiff was prescribed medication and "encouraged to seek mental health counseling" in September 2014; was evaluated and diagnosed with posttraumatic stress disorder in September 2014; and "continued to attend counseling about twice a month working on managing her anxiety." Tr. 18-19 (citing Tr. 183-217, 228-29, 284-

322, 376-474). However, "providing a summary of medical evidence . . . is not the same as providing clear and convincing reasons for [discounting Plaintiff's symptom testimony." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015); *see also Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony). As argued by Plaintiff, "the ALJ did not explain how her recitation of evidence demonstrated that Plaintiff's [symptom claims] were not as severe as she alleged, or inconsistent with the medical evidence." ECF No. 12 at 12. Thus, this is not a clear and convincing reason, supported by substantial evidence, for the ALJ to discount Plaintiff's symptom claims. Moreover, in light of the need to reconsider the medical opinion evidence, as discussed in detail above, the ALJ should reconsider the objective medical evidence and "medical reports" in the context of Plaintiff's symptom claims.

Second, the ALJ generally noted that Plaintiff's activities do not support her allegation that she is completely unable to work. Tr. 18. Even where daily activities "suggest some difficulty functioning, they may be grounds for discrediting the [Plaintiff's] testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113. Here, the ALJ briefly recounted Plaintiff's reports that she was able to do her own chores, shop, drive, take care of her grandmother, care for farm animals, and do some work (Tr. 128-

29, 331, 339, 400); however, the ALJ did not specifically identify Plaintiff's symptom claims and explain how the evidence of Plaintiff's activities undermines those claims. *Holohan*, 246 F.3d at 1208; *see also Brown-Hunter*, 806 F.3d at 494 (noting that a summary of medical evidence "is not the same as providing clear and convincing reasons"). Thus, this was not a clear and convincing reason, supported by substantial evidence, for the ALJ to reject Plaintiff's symptom claims.

Finally, the ALJ found that Plaintiff's anxiety "did not prevent her from working." [3] Tr. 19. In support of this finding, the ALJ cited Plaintiff's part-time work at a thrift store from the end of 2014 through July 2015, one month of full-time seasonal work on a farm in October 2015, caretaking of her grandmother and her farm. Tr. 19 (citing Tr. 209, 233, 331, 339, 400, 402, 407). Generally, the ability to work can be considered in assessing credibility. *Bray v. Comm'r Social Security Admin.,* 554 F.3d 1219, 1227 (9th Cir. 2009); *see also* 20 C.F.R. § 404.1571 (employment "during any period" of claimed disability may be probative

---

[3] The ALJ also noted that Plaintiff's "history of working is inconsistent with her allegations of being too anxious to work" because her treatment notes indicate she has had PTSD for 25-30 years and she was able to maintain employment during that time. Tr. 19. However, as discussed above, Plaintiff's work history prior to her onset date of disability is of limited probative value. *See Carmickle*, 533 F.3d at 1165; *Turner*, 613 F.3d at 1224.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 20

of a claimant's ability to work at the substantial gainful activity level). However, "occasional symptom-free periods – and even the sporadic ability to work – are not inconsistent with disability." *Lester*, 81 F.3d at 833); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) ("It does not follow from the fact that a claimant tried to work for a short period of time and, because of his impairments, *failed,* that he did not then experience pain and limitations severe enough to preclude him from *maintaining* substantial gainful employment."). Here, it is not clear from the record, nor does the ALJ specifically consider, whether Plaintiff was ultimately unable to work at these jobs due to her claimed impairments, or for other reasons noted in the record, such as living in a rural area and traveling long distances to and from work. *See* Tr. 523-24, 532-33. In light of the need to remand to reconsider the overall symptom claim analysis, and the medical opinions, the ALJ may reconsider this reasoning on remand.

The ALJ's rejection of Plaintiff's symptom claims is not supported by clear and convincing reasons, and must be reconsidered on remand.

**C. Step Five**

Plaintiff also challenges the ALJ's findings step five. ECF No. 12 at 18. Because the analysis of these questions is dependent on the ALJ's evaluation of the medical opinion evidence and Plaintiff's symptom claims, which the ALJ is instructed to reconsider on remand, the Court declines to address these challenges

here.  On remand, the ALJ is instructed to conduct a new sequential analysis after reconsidering the medical opinion evidence and Plaintiff's symptom claims.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]"  *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met).  This policy is based on the "need to expedite disability claims."  *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014)

(remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered medical opinion evidence and Plaintiff's symptom claims, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings. On remand, the ALJ must reconsider the medical opinion evidence, and provide legally sufficient reasons for evaluating the opinions, supported by substantial evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should also reconsider Plaintiff's symptom claims, and the remaining steps in the sequential evaluation analysis. Finally, the ALJ should reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

3. Application for attorney fees may be filed by separate motion.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** April 19, 2019.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
United States District Judge